# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Dwight Freeman,** | : | |
| Plaintiff, | : | Civil Action 2:08-cv-00071 |
| v. | : | Judge Smith |
| **Director Terry Collins,** *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

## ORDER

Plaintiff Dwight Freeman, an inmate at the Southern Ohio Correctional Facility, brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Court on the Magistrate Judge's October 10, 2008 Report and Recommendation on defendants Lt. Kaut and C/O Hayes's August 14, 2008 motion for summary judgment (doc. 32).

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **DENIES** defendant's motion for summary judgment.

### I.    Allegations in the Complaint

The complaint alleges that on August 1, 2007, C/O Haynes threatened to steal plaintiff's property. Freeman complained that he had not received his pain medication. A nurse had correctional officers escort Freeman to his cell so that she could bring the medications to him, but the pain medications never came. Freeman asked defendant C/O Haynes for his medications. Haynes had a correction officer escort

plaintiff to the medical department, but Haynes also threatened to steal Freeman's property while he was gone. When Freeman got back to his cell block, his personal property was on Haynes' desk. Freeman complained to defendant Lt. Kaut, who told him he was going to J-2 "for threats to my officer." When Freeman denied making threats, the complaint also asserts that C/O Haynes returned him to his cell, and Lt. Kaut sprayed him with mace without provocation and despite medical documentation that chemical agents should not be used on plaintiff because of his medical condition. After he was sprayed with mace, Freeman alleges that he received no medical treatment and was left choking in his cell.

## II. Arguments of the Parties

### A. Defendants

Defendants argue that plaintiff has failed to exhaust his administrative remedies and that any appeal is time barred. Plaintiff filed three informal complaints regarding the allegations of excessive use of force, failure to call for medical assistance, and the destruction of personal property on August 1, 2007. Three numbers were assigned to the complaints: SOCF 08-07-000186, SOCF-09-07-000260, and SOCF 08-07-000217. Grievance numbers 260 and 217 concerned the destruction of Freeman's personal property. Grievance number 186 concerned allegations of excessive use of force.

On October 3, 2007, plaintiff requested that several of his appeals be withdrawn. Defendants argue that plaintiff unequivocally withdrew all of his pending grievances excepts for grievance numbers 260 and 217. As a result, Freeman voluntarily and

2

unambiguously chose to withdraw grievance number 186, which dealt with the alleged excessive use of force claim. Defendants argue that because Freeman abandoned the grievance procedure prior to completion, he cannot satisfy the exhaustion requirements.

Defendants emphasize that in Freeman's October 9, 2007 correspondence to the Chief Inspector's office, Freeman only referred to his claim for destruction of his personal property and failed to reference his claim for excessive force. Defendants note that Freeman wrote, "I told Ms. Mahlman on 10/3/07 that anything on C/O Haynes, Lt. Kaut and *my property* and I wish to pursue." *See* doc. 36, p. 4 (emphasis added).

Defendants argue that the Magistrate Judge's conclusions that Freeman mistakenly believed that the appeals he wished to pursue were included in his remaining complaints and that he promptly attempt to rectify the mistake are in error, not supported by the evidence and contrary to the exhaustion requirements under the Prison Litigation Reform Act. Freeman is a season litigator, who has filed more than ten Section 1983 claims over the course of ten years, and he is well aware of the exhaustion requirements in addition to the effect of a failure to exhaust. The exhaustion requirement is mandatory, and there are no exceptions to this requirement. Here, the chief inspector did exactly as Freeman requested, and she withdrew his appeal regarding the alleged excessive use of force.

Defendants also argue that they are entitled to qualified immunity because they were performing their discretionary functions as prison officials. Defendants maintain that plaintiff cannot meet his burden of showing that defendants violated a clearly

3

established constitutional right or that the actions of defendants were objectively unreasonable.

B.     **Plaintiff**

Plaintiff maintains that he fully exhausted his administrative remedies. Freeman contends that on October 3, 2007, SOCF Institutional Inspector Mahlman came to his cell to have him sign a withdrawal of his complaints about the cruel conditions of confinement. On October 11, 2008, Freeman received the response to his appeal from the Chief Inspector.

Freeman maintains that he never withdrew his complaints against defendants Haynes and Kaut. Freeman notified the SOCF Institutional Inspector that he had not withdrawn his grievances against defendants Haynes and Kaut. Institutional Inspector Mahlman responded to Freeman's kite:

> In Grievance #260 you included the same information about CO Hayes & the events of 8-1-07 that you included in Grievance #186 (allegations that Hayes did not call Medical & your property issue) and that will be addressed in appeal decision #260. So it all straightened out now.

Doc. 30-3.

**III.    Summary Judgment**

Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

4

> that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original); *Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247-248. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 467 (1962); accord, *County of Oakland v. City of Berkeley*, 742 F.2d 289, 297 (6th Cir. 1984).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing

party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Association, Inc.*, 630 F.2d 1155, 1158 (6th Cir. 1980).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson,* 14 Wall. 442, 448 (1872)). As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his . . . [pleadings] in opposition to a properly supported motion for summary judgment against him." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 259 (1968)(footnote omitted).

6

## IV. Discussion

The Prison Litigation Reform Act of 1995 ("PLRA") requires a prisoner to exhaust any available administrative remedies before challenging prison conditions in federal court. 42 U.S.C. § 1997e(a). In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires *proper* exhaustion of administrative remedies.

The Ohio inmate grievance procedure is comprised of three consecutive steps that must be completed in a specified time. Ohio Adm. Code 5120-9-31(J). At step one, the inmate files an informal complaint to the prison staff responsible for the subject matter of the complaint. Ohio Adm. Code 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response the inmate may file a grievance with the institutional inspector. Ohio Adm. Code 5120-9-31(J)(2). Finally, if the inmate is dissatisfied with the response of the institutional inspector, the inmate may file an appeal to the Office of the Chief Inspector. Ohio Adm. Code 5120-9-31(J)(3). An appeal must be filed within fourteen (14) days of the date of the disposition of grievance or it is time barred. Ohio Adm. Code 5120-9-31(K)(3). If the complaint concerns the warden or inspector of the institution, the inmate may file a grievance directly with the Office of the Chief Inspector. Ohio Adm. Code 5120-9-31(L).

Freeman attached the following documents to his complaint, which are pertinent to this dispute:

7

- L. Mahlman's response to Freeman's October 11, 2007 kite. Mahlman indicated that she was contacted by Ms. Coval who stated that Freeman included the same information about Hayes and the events of August 1, 2007 in grievance number 260 as he did in grievance number 186 regarding Hayes' alleged failure to call medical and destruction of property. Coval indicated that these issues would be addressed in the appeal of grievance number 260. Mahlman stated, "[s]o it is all straightened out now." Doc. 4-2 at 6.
- The October 5, 2007 decision of the Chief Inspector on a grievance appeal concerning grievance number SOCF-08-07-000186. The October 5, 2007 decision indicates that the Chief Inspector received his notice of his withdrawal of the appeal. Doc. 4-2 at 7. Freeman's response to this decision was received on October 9, 2007 by the Inspector's Office. Freeman wrote:

  > *I will not withdraw this complaint*. I told Ms. Mahlam on 10/3/07 that anything on C/O Haynes, Lt. Kaut and about my property I wish to pursue. I put my signature on that paper Ms. Mahlam brought for me to sign on these complaints I did not want withdrawn and I request a copy of that paper Ms. Mahlman asked me to sign 10/3/07. So I'm requesting a response by the Chief Inspector on the 2 complaints on C/O Haynes. This one and the other one. Nothing on C/O Haynes will be dismissed. I'm still requesting reimbursement and actions take on this C/O. This

> C/O is going to be sued by me so I'm not
> withdrawing *no* grievances against him and I've told
> this office that.

Doc. 4-2 at 7 (emphasis in original).

- The October 17, 2007 decision of the Chief Inspector on a grievance appeal concerning SOCF-09-07-000260, which alleged that Officer Haynes violated Administrative Rule 5120-9-04, Appropriate Supervision, Discrimination, and Racial issues. Freeman alleged that Haynes trashed his cell and stole his property. Doc. 4-2 at 9.

- The September 19, 2007 disposition of grievance number SOCF-09-07-000260, which alleged that Officer Haynes had stolen Freeman's property. Doc. 4-2, at 13.

- A September 16, 2007 notification of grievance alleging that Officer Haynes retaliated against Freeman, harassed him, and stolen his property. Doc. 4-2, at 14.

Defendants submitted an additional document listing Freeman's pending grievances. On the form, Freeman wrote: "I wish to drop all pending appeals as of today 10-3-07. I wish to keep grievances/appeals # 09-07-00260 and # 08-07-000217 on Officer C/O Haynes etc. All other grievances on this paper can be dismissed. Respectfully Dwight Freeman." Doc. 27-2, at 4. The document clearly identifies the subject matter of the grievances.

The Magistrate Judge concluded that Freeman properly exhausted his administrative remedies with respect to his claim against Haynes and Kaut for excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. He complied with all three steps of the grievance procedure in a timely manner. Although he purported to waive his appeal in the document he executed on October 3, 2007, construing the evidence in the light most favorable to Freeman, it appears that he mistakenly believed that the appeals he wished to pursue included his complaint against Haynes and Kaut for excessive force. When he realized that this appeal had been found waived, he promptly responded in an effort to correct the situation. In response, he was told by Ms. Mahlman assured him that everything "was all straightened out now." Ms. Mahlan's response suggests that the claims Freeman intended to pursue were the same as the appeals that remained pending.

Defendants place great reliance on the fact that Freeman included the phrase "and my property" when indicating that he had not intended to drop his grievances against defendants Haynes and Kaut. In response to Freeman' Kite, Mahlman said that the grievance number 260 contained the same information as grievance 186 concerning allegations that Haynes did not call the medical department and destroyed his property. Mahlman, however, failed to mention the allegations concerning excessive force. The decision of the Chief Inspector contains plaintiff's allegations that defendants Kaut and Haynes sprayed him in the face with mace. The decision further stated that "[t]he Inspector stated that the Use of Force incidence would be investigated in accordance

with Administrative Rule 5120-9-02. He advised you to address your complaints regarding the search of your cell via the Informal Complaint process." Doc. 30-3.

Plaintiff complied with all three steps of the grievance procedure as outlined in section 5120-9-31 of the Ohio Administrative Code. Section 5120-9-31 does not provide a means for withdrawing a grievance or any procedure for correcting a mistaken withdrawal of a grievance. Section 5120-0-02 of the Ohio Administrative Code provides a detailed framework for investigating the use of force against an inmate. Consequently, the Magistrate Judge correctly concluded that Freeman exhausted his administrative remedies.

Defendants also argue that they are entitled to qualified immunity. Determining whether qualified immunity is appropriate is a three step inquiry. First, the Court determines whether a constitutional violation occurred. *Centanni v. Eight Unknown Officers*, 15 F.3d 587, 589 (6th Cir. 1994). Second, the Court determines whether the alleged conduct of the defendants violated a clearly established statutory or constitutional right of which a reasonable person would have been aware. *Dickerson v. McClellan*, 101 F.3d 1151, 1158 (6th Cir. 1996). If the right is clearly established, the Court must determine whether the plaintiff has alleged sufficient facts supported by sufficient evidence to indicate what the defendant allegedly did was objectively unreasonable in light of clearly established constitutional rights." *Adams v. Metiva*, 31 F.3d 375, 387 (6th Cir. 1994).

In his affidavit, Freeman stated that Kaut and Haynes used excessive force and chemical restraints on him and were deliberately indifferent to his serious medical need. It is "clearly established that unnecessary and wanton infliction of pain constitute[s] cruel and unusual punishment forbidden by the Eighth Amendment." *Haynes v. Marshall*, 887 F.2d 700, 703 (6th Cir. 1989). Here, plaintiff has alleged that defendants sprayed him with mace without provocation in spite of medical documentation that chemical agents should not be used on plaintiff because of his medical condition. After he was sprayed with mace, Freeman further alleges that he received no medical treatment and was left choking in his cell. Consequently, the Magistrate Judge correctly concluded that Freeman has pled sufficient facts to suggest that defendants' conduct could be found objectively unreasonable by the trier of fact.

V.     **Conclusion**

For the reasons stated above, defendants Lt. Kaut and C/O Hayes's August 14, 2008 motion for summary judgment (doc. 27) is **DENIED**.

There is also a pending Motion for Default Judgment against Dr. Martin Sevrey filed by Plaintiff on July 11, 2008 (doc. 24). However, Dr. Martin Sevrey was never served with this Motion. Therefore, Plaintiff's Motion for Default Judgment is **DENIED**.

The Clerk shall remove documents 24 and 27 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**