UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DWIGHT FREEMAN,**

    **Plaintiff,**

v.

    **Civil Action 2:08-cv-00071**
    **Judge George C. Smith**
    **Magistrate Judge E.A. Preston Deavers**

**DIRECTOR TERRY COLLINS,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

## I.  INTRODUCTION

This matter is before the Court for consideration of Defendants' Motion to Compel Immediate Payment of Full Filing Fees and for Related Relief Under the "Three Strikes" Provision of the Prisoner Litigation Reform Act ("PLRA") (ECF No. 79). Defendants contend that Plaintiff is not entitled to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) because he has filed at least three actions *in forma pauperis* that federal courts have dismissed *sua sponte* for failure to state a claim. Accordingly, Defendants maintain the Court should revoke Plaintiff's *in forma pauperis* status and require the immediate payment of filing fees. Plaintiff, on the other hand, maintains that he is under imminent danger of serious physical injury. Under these circumstances, Plaintiff contends that the Court should not apply the "three strikes" provision of 28 U.S.C. § 1915(g). For the reasons that follow, the Court **DENIES** Defendants' Motion to Compel Immediate Payment of Full Filing Fees and for Related Relief Under the "Three Strikes" Provision of the PLRA.

## II.  BACKGROUND

On January 24, 2008, Plaintiff, a prisoner at the Southern Ohio Correctional Facility ("SOCF"), filed an Application and Affidavit to Proceed Without Prepayment of Fees pursuant to 28 U.S.C. § 1915.  Within his Application, Plaintiff stated under penalty of perjury that while incarcerated he had not brought three or more prior federal actions that were dismissed for being frivolous, malicious, or failing to state a claim.  (Appl. 7, ECF No. 1.)  Based on Plaintiff's representations, the Court granted his Application on February 28, 2008.

Within his Complaint, Plaintiff brought claims against several Ohio State University Medical Center and SOCF employees arising from his medical treatment since 2006.  (*See generally* Compl., ECF No. 4.)[1]  Plaintiff maintains that he underwent a laminectomy in April 2006 after experiencing various symptoms such as neck, shoulder, and chest pain.  (Compl. 6, ECF No. 4.)  Dr. Miller, a neurosurgeon named as a defendant in Plaintiff's Complaint, performed the surgery.  (*Id.*)  In August 2006, Plaintiff returned to see Dr. Miller for a follow-up examination and learned that his vocal cord was ruptured and paralyzed during the surgery.  (*Id.* at 7–8.)  Dr. Miller referred Plaintiff to an ENT Specialist, who in November 2006, performed a second surgery.  (*Id.* at 8.)  Approximately one week after the surgery, Plaintiff returned to SOCF.  (*Id.*)  According to Plaintiff, he continued to experience choking sensations, shortness of breath, neck pain, shoulder pain, and numbness.  (*Id.*)  Plaintiff saw the ENT specialist once again in January 2007.  (*Id.* at 9.)  The ENT Specialist ordered tests for Plaintiff, the last of which occurred in October 2007.  (*Id.*)  Plaintiff indicates that he continues to experience, at

---

[1] Because the paragraphs and pages of Plaintiff's Complaint are not numbered, the Court will cite to the Complaint based on the page numbers which the Court's electronic filing system has assigned.

least as of the time of his Complaint, the same severe neck, shoulder, and chest pain, as well as other symptoms, that led to his original laminectomy.[2]  (*Id.* at 7.)

Among his claims, Plaintiff contends that Defendant Dr. Martin Sevrey (Defendant "Sevrey"), an employee of SOCF, has been deliberately indifferent to Plaintiff's serious medical needs.  Specifically, Plaintiff maintains that Defendant Sevrey denied him medication which his other physicians prescribed; denied him medical care and treatment; failed to refer him back to his other physicians; and would not increase his pain medications despite an order to do so from Plaintiff's other physician.  (*Id.* at 8–12.)

Additionally, Plaintiff brings claims against Defendants Corrections Officer William Haynes and Lieutenant Joseph Kaut (hereinafter Defendants "Haynes" and "Kaut") for excessive force in violation of the Eighth Amendment arising from an alleged incident at SOCF.  Plaintiff specifically maintains that in August 2007, without provocation or cause, Defendants Haynes and Kaut sprayed him with a chemical agent in his face, mouth, and throat.  (*Id.* at 16–17.)  According to Plaintiff's Complaint, the SOCF has documentation indicating that employees are not to use chemical agents against Plaintiff because of his medical conditions.[3]  (Id. at 17.)

Upon an initial screen, the Court found that Plaintiff stated claims against Defendant Sevrey for deliberate indifference to his serious medical needs, and against Defendants Haynes and Kaut for excessive force.  The Court dismissed the rest of the named Defendants, as well as

---

[2]  Portions of Plaintiff's Complaint indicate that his symptoms have become worse since his second surgery on November 2006.  (*See* Compl. ¶ 8.)

[3]  Plaintiff's Complaint technically states only that "[Plaintiff] has medical documentation that chemical agents [are] not to be used on [Plaintiff]." (Compl. 17, ECF No. 4.) Nevertheless, the Court must construe Plaintiff's *pro se* Complaint liberally.  The remainder of the Complaint suggests that Defendants Haynes and Kaut violated SOCF policy in spraying Plaintiff with chemical agent.  (*Id.*)

3

the remainder of Plaintiff's claims, for failure to state a claim under 42 U.S.C. § 1983.

Although the Court permitted Plaintiff to proceed against Defendant Sevrey, as of the date of this Order, Plaintiff has not effected service on Defendant Sevrey. It appears that Defendant Sevrey is no longer employed at SOCF. (*See* ECF No. 11 at 4.) The United States Marshal, therefore, was unable to locate him. (*Id.*) Plaintiff filed two Motions for Default Judgment against Defendant Sevrey (ECF Nos. 24, 51), both of which the Court denied because service has not been effected on him. (Order 12, ECF No. 40; Order 1, ECF No. 53.)

Defendants Haynes and Kaut brought their Motion to Compel Immediate Payment of Full Filing Fees on January 25, 2011. Defendants Haynes and Kaut inform the Court that they have discovered three previous cases in which Plaintiff's *in forma pauperis* actions have been dismissed *sua sponte* for failure to state a claim. Consequently, Defendants Haynes and Kaut maintain that Plaintiff is ineligible for *in forma pauperis* status under the "three strikes" provision of 28 U.S.C. § 1915(g) and move the Court to require immediate payment of Plaintiff's filing fee.

Plaintiff opposes Defendant's Motion to Compel Immediate Payment of Full Filing Fees. Specifically, Plaintiff asserts Defendants' neglect of his continuing medical needs places him in imminent danger. Additionally, Plaintiff contends that the actions of Defendants Haynes and Kaut also indicate that he was under a threat of ongoing danger at the time of his Complaint. Plaintiff emphasizes that Defendants' act of spraying him with a chemical agent, despite knowledge of his medical conditions, demonstrates a flagrant disregard for his medical condition and suggests that he remains in imminent danger.

Defendants Haynes and Kaut, on the other hand, contend that Plaintiff's allegations against Dr. Sevrey amount to nothing more than a disagreement between Plaintiff and his

medical providers and are insufficient to demonstrate imminent danger. Moreover, Defendants Haynes and Kaut contend that Plaintiff's excessive force claim does not suggest that Plaintiff was under a threat of impending danger at the time of the Complaint.

### III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In interpreting the language of this section, the United States Court of Appeals for the Sixth Circuit has held that "where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007). Moreover, " 'dismissals of previous actions entered prior to the effective date of the [Prisoner Litigation Reform Act] may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g).' " *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

As the language of 28 U.S.C. § 1915(g) indicates, the three strike provision will not apply if a "prisoner is under imminent danger of serious physical injury." For the purposes of interpreting the statute, the Court considers whether Plaintiff is in imminent danger at the time of the filing of the complaint. *Vandiver v. Vasbinder*, No. 08–2602, 2011 WL 1105652, at *2 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Although the United States Court of Appeals

5

for the Sixth Circuit has not offered a precise definition of imminent danger, it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).  Moreover, the Sixth Circuit has recently noted, "[t]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading."[4]  *Vandiver*, 2011 WL 1105652, at *3; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (suggesting that courts should "maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm") (citing *Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 6 (D.C. Cir.2006)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003) ("Before denying leave to proceed IFP, courts must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger.") (citing *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir.1998)).  Plaintiff, who at the time of his Complaint was proceeding *pro se*, "is entitled to have his complaint liberally construed." *Vandiver*, 2011 WL 1105652, at *3.

### IV. LEGAL ANALYSIS

A. <u>Three Strikes</u>

In this case, the Court finds that Plaintiff has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g).  Specifically, Defendants have called the following cases to the Court's attention:

1. *Dwight Freeman v. Margaret Gee, et al.*,  Case No. 1:00-cv-3148 (N.D. Ohio 2001) (ECF No. 10) (dismissing Plaintiff's action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)).

---

[4] Accordingly, the Court will consider whether Plaintiff was under imminent danger based on its reading of the allegations within Plaintiff's Complaint.  The lack of service on Dr. Servey after the filing of the Complaint, therefore, does not influence the Court's imminent danger determination.

    2.    *Dwight Freeman v. Ed Voorhies, Warden, et al.*, Case No. 1:06-cv-622 (S.D. Ohio 2006) (ECF No. 11) (dismissing Plaintiff's due process claim for failure to state a claim and dismissing Plaintiff's remaining claims for failure to exhaust administrative remedies).

    3.    *Dwight Freeman v. Director Wilkerson, et al.*, Case No. 1:96-cv-2260 (N.D. Ohio 1996) (ECF No. 4) (dismissing Plaintiff's action as frivolous pursuant to 28 U.S.C. § 1915(e)).

The undersigned also takes notice that this Court has revoked or denied Plaintiff's *in forma pauperis* status in two recent cases based on these same three strikes. *Freeman v. Voorheis*, No. 1:07-cv-041, 2011 WL 826802, at *2 (S.D. Ohio Feb. 7, 2011) (Report and Recommendation later adopted as to three strike decision); *Freeman v. Wilkerson*, No. 2:05-cv-1085, 2011 WL 94604, at *1 (Jan. 10, 2011). Moreover, Plaintiff does not challenge, in opposing Defendants' Motion to Compel Immediate Payment, the fact that he has accumulated three strikes pursuant to 28 U.S.C. § 1915(g).

    To the extent Defendants' Motion to Compel Immediate Payment requests that the Court revoke Plaintiff's *in forma pauperis* status as a penalty for the false statements Plaintiff made in applying for *in forma pauperis* status, the Court declines to take such action. (*See* Mot. Compel Payment 4, ECF No. 79.) Defendants correctly note that Plaintiff stated in his application that while incarcerated he had not brought three or more prior federal actions that were dismissed for being frivolous, malicious, or failing to state a claim. (Appl. 7, ECF No. 1.) Nevertheless, as detailed above, one of Plaintiff's strikes was based only on a partial dismissal for failure to state a claim, while the remainder of the action was dismissed for failure to exhaust administrative remedies. At the time of Plaintiff's January 2008 Application, the Sixth Circuit had only recently decided in an opinion four months earlier that such a situation constitutes a strike pursuant to 28 U.S.C. § 1915(g). *See Pointer*, 502 F.3d at 377. Under these circumstances, the

Court is unwilling to impose a penalty on Plaintiff for perjury.[5] *See Freeman v. Voorhies*, No. 1:07-CV-41, 2011 WL 833337, at *2 (S.D. Ohio, Mar. 3, 2011) (hereinafter "*Voorheis II*") (declining to sanction Plaintiff for perjury within his *in forma pauperis* application because *Pointer* had not been decided at the time Plaintiff filed his complaint after Plaintiff explained he was not trying to deceive the Court because he believed the three strike rule only applied when the entire case was dismissed).

B. Imminent Danger

Because Plaintiff has three strikes pursuant to 28 U.S.C. § 1915(g) the Court must decide whether he has adequately pled that he was under imminent danger of serious physical injury at the time of his Complaint. Plaintiff maintains that he was under imminent danger due to Defendants continuing neglect of his medical needs.[6] Additionally, Plaintiff maintains that Defendants Kaut and Haynes' acts of spraying him with a chemical agent demonstrates that he remained in imminent danger because of Defendants disregard for his medical conditions.

The Sixth Circuit has recently found that the denial of medical treatment can satisfy the

---

[5] For any future actions Plaintiff chooses to bring in federal court, however, he should now be fully aware that he has three strikes pursuant to 28 U.S.C. § 1915(g).

[6] In response to Plaintiff's imminent danger assertions, Defendants point to the conclusions of Mona Parks, R.N. Assistant Chief Inspector, to support their contention that Plaintiff was not in imminent danger. (Reply, 2 ECF No. 85.) Ms. Park reviewed Plaintiff's medical records as part of the SOCF grievance procedure. (*See* ECF No. 4-1 at 2.) As set forth above, however, the imminent danger exception is "subject to the ordinary principles of notice pleading." *Vandiver*, 2011 WL 1105652, at *3. Consequently, the Court must accept Plaintiff's factual allegations as true. *See Ibrahim*, 463 F.3d at 6 ("In determining whether he qualifies [for the imminent danger exception], we look to the complaint, which we construe liberally and the allegations of which we must accept as true.") (internal quotation omitted). Within his Complaint, Plaintiff clearly disputes the findings of the SOCF grievance procedure, frequently alleging contrary facts. Accordingly, the Court finds Ms. Park's findings of limited value in assessing the facts alleged in Plaintiff's Complaint to determine if he establishes imminent danger.

8

imminent danger requirement. *Vandiver*, 2011 WL 1105652, at *3. Specifically, the Court held that a plaintiff who suffered from diabetes and Hepatitis C satisfied the imminent danger standard when he alleged in his complaint that he was not receiving proper treatment. *Id.* The Court stressed, "[f]ailure to receive adequate treatment for potentially life-threatening illnesses such as those suffered by [the plaintiff] clearly constitutes 'imminent danger' under the Act." *Id.* In contrast, the Sixth Circuit has held that a plaintiff failed to satisfy the imminent danger requirement when he alleged improper medical treatment but "failed to allege any serious injury in other than a completely conclusory fashion." *Sweatt v. Tennessee Dept. of Corr.*, 3 F. App'x 438, 439 (6th Cir. 2001).

Several Courts of Appeals outside of the Sixth Circuit have indicated that denial of treatment, or similar actions, may result in a pending imminent danger of serious physical injury within the meaning of 28 U.S.C. § 1915(g). *See, e.g.*, *Jackson v. Jackson*, 335 F. App'x. 14, 15 (11th Cir. 2009) (holding that prisoner, who was being refused surgery for his hernia, satisfied the imminent danger of serious physical injury requirement); *Ibrahim*, 463 F.3d at 6–7 ("[F]ailure to provide adequate treatment for Hepatitis C, a chronic and potentially fatal disease, constitutes 'imminent danger.'"); *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (finding that prisoner who suffered from HIV and hepatitis, sufficiently pled the imminent danger exception by alleging that his doctor stopped the prescription treatment of another physician); *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003) (finding prisoner satisfied imminent danger requirement by alleging that denial of his medication was causing him panic attacks and additional symptoms including chest pain); *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002) (holding that a prisoner satisfied the imminent danger requirement by alleging that he was being denied dental care despite a "spreading infection in his mouth"); *Fuller v.*

9

*Myers*, 123 F. App'x 365, 367 (10th Cir. 2005) ("Given [the plaintiff's] assertion that he currently suffers from breathing difficulties and other respiratory problems, apparently exacerbated by the ventilation system where he is incarcerated, it appears that his complaint facially satisfies the threshold requirement of showing that he is in 'imminent danger of serious physical injury' . . . ."); *Gibbs v. Cross*, 160 F.3d 962, 965 (3rd Cir. 1998) (holding that an inmate pled imminent danger of serious physical injury because he alleged that the prison ventilation system was dispersing dust and lint, which resulted in severe headaches, particles in his lungs and mucus, and watery eyes).

In this case, the Court finds that Plaintiff's claim of medical indifference against Defendant Sevrey meets the requirement of imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g). First, construed liberally and accepted as true, the allegations within Plaintiff's Complaint sufficiently demonstrate imminent danger. As detailed above, Plaintiff maintains that he experiences various symptoms, including severe/chronic neck, chest, and shoulder pain, which have continued following his April 2006 and November 2006 surgeries. Plaintiff asserts that Defendant Sevrey's actions include denying him medication which his other physicians prescribed; denying him medical care and treatment; failing to refer him back to his other physicians; and refusing to increase his pain medications despite the order of Plaintiff's other physician.[7] (Compl. 8–12, ECF No. 4.) Plaintiff's Complaint indicates that Dr. Sevrey's actions, including the denial of pain medication that other physicians prescribed, occurred from November 2006 until the time of his Complaint. (*See id.* at 8–9.) Under these circumstances,

---

[7] Although Plaintiff's Complaint at times lacks clarity, construing Plaintiff's Complaint liberally, it indicates that Dr. Sevrey was aware both of Plaintiff's alleged symptoms and his 2006 surgeries to alleviate those symptoms at the time of these actions. (*See* Compl. 8–12, ECF No. 4.)

10

the Court finds that Plaintiff's pleadings against Dr. Sevrey indicate that the alleged misconduct was ongoing in nature and still occurring at the time of Plaintiff's Complaint.[8]

Second, the Court finds that Plaintiff's has pled a sufficiently serious injury to qualify for the exception of 28 U.S.C. § 1915(g).  Plaintiff alleges that he is suffering from severe and chronic pain to various parts of his body including his neck, chest, throat, and shoulder.  (*See generally id.* at 7–12.)  According to his Complaint, Plaintiff has received treatment from multiple specialists for these symptoms and has already undergone two surgeries in an attempt to relieve his pain.  (*Id.*)  Consequently, for the purposes of the imminent danger pleading requirement, the Court concludes that Plaintiff has pled a sufficiently serious injury.  *See Chavis v. Chappius*, 618 F.3d 162, 169–70 (2nd Cir. 2010) ("[A]lthough the feared physical injury must be 'serious,' 'we should not make an overly detailed inquiry into whether the allegations qualify for the exception,' because § 1915(g) 'concerns only a threshold procedural question,' . . . .") (quoting *Andrews*, 493 F.3d at 1055); *Ciarpaglini*, 352 F.3d at 331 (emphasizing that "§ 1915(g) is not a vehicle for determining the merits of a claim" and indicating that a district court should not impose a "complicated set of rules" for determining "what conditions are serious enough").

---

[8] Defendants maintain that this case is akin to *Voorheis II*, where Plaintiff Freeman also attempted to raise the imminent danger exception.  *See Voorheis II,* 2011 WL 833337, at *1.  In *Voorheis II*, the Court rejected Plaintiff's argument that, after alleged altercations, he was under imminent danger because medical officers were deliberately indifferent to his serious medical needs.  *Id.*  This case, however, is distinguishable.  In *Voorheis II*, the Court found that Plaintiff did not satisfy the imminent danger requirement because he failed to allege sufficient facts demonstrating that the danger existed at the time of the complaint.  *Id.*  Here, on the other hand, Plaintiff sufficiently pled that his symptoms and Dr. Sevrey's actions of medical indifference were ongoing and occurring at least until the time of the Complaint.  (*See* Compl. 8–12, ECF No. 4.)  Moreover, the Court finds that a fair reading of Plaintiffs' Complaint in this case demonstrates that he is alleging more than a simple disagreement with Dr. Sevrey as to the proper course of treatment.  Rather, Plaintiff alleges that Defendant Sevrey was both refusing Plaintiff his prescribed medication, disregarding the instructions of other physicians, and denying him treatment.

Because Plaintiff has sufficiently pled imminent danger with regards to his medical indifference claim against Dr. Sevrey, he is entitled to proceed *in forma pauperis* as to his entire action.[9] Specifically, the Court finds that the language of 28 U.S.C. § 1915 indicates that if a prisoner sufficiently alleges imminent danger of serious physical injury as to one of his or her well-pled claims, the prisoner may proceed with the entire action. *See* 28 U.S.C. § 1915(g) (providing that when a prisoner is under imminent danger of serious physical injury, the prisoner may "bring a civil action"); *see also Jones v. Bock*, 549 U.S. 199, 221 (2007) ("[S]tatutory references to an 'action' have not typically been read to mean that every claim included in the action must meet the pertinent requirement before the 'action' may proceed.").

While it does not appear that the United States Court of Appeals for the Sixth Circuit has reached this precise question, other Courts of Appeals addressing this issue have made the same or similar conclusions. *Chavis*, 618 F.3d at 171 (holding that a prisoner who sufficiently alleges imminent danger as to one claim may proceed on other claims that lack a nexus to imminent danger because "[n]othing in the text of § 1915 provides any justification for dividing an action into individual claims and requiring a filing fee for those that do not relate to imminent danger."); *Andrews*, 493 F.3d at 1053–54 ("[O]nce a prisoner satisfies the exception to the three-strikes rule and otherwise qualifies for IFP status, the district court must docket the entire complaint and resolve all of its claims, without requiring the upfront payment of the filing fee."); *Ciarpaglini,* 352 F.3d at 330 ("[§ 1915(g)] only limits when frequent filers can proceed IFP, and says nothing about limiting the substance of their claims."); *Gibbs v. Roman*, 116 F.3d 83, 87 n. 7 (3d Cir.1997), overruled en banc on other grounds by *Abdul-Akbar v. McKelvie*, 239 F.3d 307,

---

[9] The Court, therefore, finds it unnecessary to consider whether Plaintiffs' claims against Defendants Kaut and Haynes satisfy the imminent danger exception.

12

312 (3d Cir.2001) (suggesting that once a prisoner overcomes the threshold barrier of the imminent danger exception, "the merits of the cause of action itself are then available for consideration").

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel Immediate Payment of Full Filing Fees and for Related Relief Under the "Three Strikes" Provision of the PLRA (ECF No. 79) is **DENIED**.

Although Plaintiff qualifies to proceed *in forma pauperis*, this does not cure the lack of service as to Defendant Sevrey. The Court will hold a telephonic **STATUS CONFERENCE** on **APRIL 28, 2011** at **2:00 p.m.** in which it will discuss with counsel how to proceed as to Defendant Sevrey and will address any other procedural or scheduling issues in this case.[10]

**IT IS SO ORDERED.**

Date: April 12, 2011         /s/ *Elizabeth A. Preston Deavers*
                              Elizabeth A. Preston Deavers
                              United States Magistrate Judge

---

[10] If counsel for the parties will be unable to participate in a status conference at this date and time, they should contact chambers at (614) 719-3460 after consulting with opposing counsel regarding possible alternative conference times.