# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DWIGHT FREEMAN,**

    **Plaintiff,**

**v.**
    Civil Action 2:08-cv-00071
    Judge George C. Smith
    Magistrate Judge E.A. Preston Deavers

**DIRECTOR TERRY COLLINS,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter comes before the Court for consideration of the August 15, 2011 Report and Recommendation of the Magistrate Judge. (ECF No. 101.) In her Report and Recommendation, the Magistrate Judge recommended that the Court dismiss Defendant Dr. Martin Sevrey without prejudice pursuant to Federal Rule of Civil Procedure 4(m). On August 29, 2011, Plaintiff objected to the Report and Recommendation. (ECF No. 102.) Plaintiff contends that good cause exists for failure to serve Dr. Sevrey and that the circumstances weigh in favor of an extension of service time. The matter is now fully briefed. Upon review, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. The State of Ohio's Motion to Dismiss (ECF No. 89) is **GRANTED** and Plaintiff's Motion for an Extension of time to Effect Service (ECF No. 95) is **DENIED**.[1] The State of Ohio's Motion to Strike (ECF No.

---

[1] Within his Objections, Plaintiff faults the Magistrate Judge for not considering Plaintiff's Motion for Extension of time to Effect Service. (ECF No. 95.) While the Magistrate Judge did not explicitly recommend that the Motion for Extension be denied, she did find that a discretionary extension was not justified and, in doing so, addressed the arguments raised within Plaintiff's Motion for Extension. The Court now makes explicit what was implicit in the Report and Recommendation.

106) is **DENIED** as moot in light of this Opinion and Order.

I.     BACKGROUND

On February 2, 2008, the Court permitted Plaintiff to proceed *in forma pauperis* on his claim under 42 U.S.C. § 1983 against Dr. Sevrey. The U.S. Marshal attempted service via certified mail at a Southern Ohio Correctional Facility ("SOCF") address, which Plaintiff provided. Service was returned unexecuted on March 25, 2008 because Dr. Sevrey no longer worked at SOCF. The Clerk's office initially docketed the return of service as executed. On July 21, 2008 the Clerk corrected the docket to reflect that service on Dr. Sevrey was unexecuted.

Plaintiff served discovery requests on counsel for Defendants Lt. Kaut and C.O. Haynes on June 9, 2008. Within these requests, Plaintiff sought information concerning the whereabouts of Dr. Sevrey. Although Plaintiff indicated to the Magistrate Judge that Defendants did not respond to these requests, he attached Defendants' July 8, 2008 Responses to his Objections. (*See* Resp. Disc., ECF No. 102-1.) Defendants indicate in the Responses indicate that Defendant Sevrey had not been served ans was not a party, he no longer worked for SOCF, he did not leave a forwarding address, and that the remaining Defendants are unaware of information as to Dr. Sevrey's subsequent employment.[2] (*See* Resp. Disc. ¶ 5, ECF No. 102-1.)

Plaintiff moved for default judgment against Dr. Sevrey on July 11, 2008 and again on March 2, 2009. The Court denied both of these motions. Importantly, on two separate

---

[2] Notably, Plaintiff's June 9, 2008 discovery requests provide that Plaintiff was already aware at this time that Dr. Sevrey was no longer a doctor at SOCF. Additionally, within their July 8, 2008 Responses, Defendants explicitly informed Plaintiff that Dr. Sevrey was never served in this action.

2

occasions, in February and April of 2009, the Court explicitly informed Plaintiff that Dr. Sevrey was never served with the Complaint. (*See* ECF Nos. 48, 53.)

In his Reply in Support of his Objections, Plaintiff attached a second new document not before the Magistrate Judge. (*See* ECF No. 107-1.) This document, which Plaintiff apparently created in July 2009, is labeled as a Motion/Discovery Request and seeks the last known address of Dr. Sevrey from the other remaining Defendants. It requests that Defendants provide this information to the U.S. Marshal for completion of service. Within the document, Plaintiff certifies that he served the document on Defendants Kaut and Haynes' former attorney on July 26, 2009. Plaintiff maintains that the state never responded. Current counsel for the State of Ohio, as well as Defendants Kaut and Haynes, maintains that this document is not within the government's records. Plaintiff never filed this document with the Court nor did he seek to compel a response from Defendants.

In June 2010, the Court appointed counsel for Plaintiff. The Magistrate Judge held a status conference and set forth a case schedule on July 26, 2010. Within the Magistrate Judge's April 12, 2011 Opinion and Order,[3] she scheduled a status conference to address the lack of service on Dr. Sevrey. On April 21, 2011, the State of Ohio moved to dismiss Dr. Sevrey pursuant to Federal Rule of Civil Procedure 4(m). On May 16, 2011, in conjunction with his opposition to the Motion to Dismiss, Plaintiff, for the first time, requested an extension of time to effect service on Dr. Sevrey.

---

[3] This Opinion and Order related to Defendants' Motion to Compel Immediate Payment of the Full Filing Fees. (*See* ECF No. 79.)

## II. STANDARD

If a party objects within the allotted time to a report and recommendation, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. ANALYSIS

The State of Ohio has moved for dismissal pursuant to Federal Rule of Civil Procedure 4(m). Rule 4(m) provides a plaintiff with 120 days from the filing of a complaint to serve a defendant. Fed. R. Civ. P. 4(m). If a plaintiff who fails to complete service within this time makes a showing of good cause, Rule 4(m) requires an extension of service time. *Id.* If good cause is lacking, the Court may dismiss the action without prejudice or, in its discretion, "order that service be made within a specified time." *Id.*

In this case, the Magistrate Judge recommended dismissal pursuant to Rule 4(m). She found good cause lacking because, although Plaintiff was proceeding *in forma pauperis*, he was inactive for a significant period of time despite knowledge that Dr. Sevrey was not served. Additionally, the Magistrate Judge found a discretionary extension of time for service inappropriate. In reaching this determination, the Magistrate Judge emphasized that at this point any extension would be significant in length and would prejudice Defendants by causing further delay to this already long-pending action. Plaintiff objects to the Magistrate Judge's conclusions with respect to both good cause and a discretionary extension. The Court will address these matters sequentially.

### A. Good Cause

Pursuant to 28 U.S.C. § 1915(c), the U.S. Marshal is required to serve process for *in forma pauperis* plaintiffs. As the case law cited by both the Magistrate Judge and Plaintiff suggests, good cause generally exists for failure to serve when a *in forma pauperis* plaintiff, proceeding *pro se*, provides sufficient information to the U.S. Marshal to allow for service. *See, e.g.*, *Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996) ("[The] failure of the clerk and the Marshals Service to accomplish their respective duties to issue and serve process for plaintiff proceeding *in forma pauperis* constitutes a showing of good cause under Fed. R. Civ. P. 4."); *Murray v. Pataki*, 378 F. App'x 50, 52 (2nd Cir. 2010) ("As long as the pro se prisoner provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)."); *Richardson v. Johnson*, 598 F.3d 734, 738–39 (11th Cir. 2010) ("[T]he failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m).") (internal quotations omitted). Along similar lines, some Courts of Appeals have held that "[i]t is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison." *Richardson*, 598 F.3d at 739–40; *see also Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) (holding that once a prisoner provides sufficient information to identify a defendant, "the Marshal should be able to obtain a current business address and complete service").

This authority, however, does not totally divest a *in forma pauperis* plaintiff of the responsibility to assure that service is perfected. As the United States Court of Appeals for the

Fifth Circuit has held:

> While . . . incarcerated plaintiffs proceeding *in forma pauperis* may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.

*Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (holding that dismissal was appropriate when a plaintiff was on notice of a failure to effect service, but failed to take any action to assure service in a timely fashion); *see also Abel v. Harp*, 122 F. App'x 248, 252 (6th Cir. 2005) (discussing *Rochon* and holding that "in contrast to the plaintiff in *Rochon*, Abel did not idly sit by when he knew there was a problem with service on the defendants"); *VanDiver v. Martin*, 304 F. Supp. 2d 934, 942–43 (E.D. Mich. 2004) (dismissing defendants under Rule 4(m) due to the plaintiff's silence and inaction regarding service).

In this case, the Court agrees with the Magistrate Judge that good cause is lacking because of Plaintiff's inaction. Plaintiff stresses his initial actions in providing Dr. Sevrey's place of employment and submitting discovery requests to the other participating Defendants concerning Dr. Sevrey's location.[4] Plaintiff de-emphasizes, however, his long periods of inaction with regards to service. The Court informed Plaintiff that Dr. Sevrey had not been served at least as early as February 2009. Plaintiff did not request an extension of service time until May 16,

---

[4] The Court does not place much weight on the fact that the docket mistakenly indicated from March 25, 2008 until July 21, 2008 that service had been executed. During this period Plaintiff served discovery requests seeking Dr. Sevrey's address. In their responses to discovery, which Plaintiff apparently had while the docket was incorrect, Defendants informed Plaintiff that Dr. Sevrey had not been served and that they had no forwarding address. This information indicates to the Court that Plaintiff was aware during at least some of this period that the docket was inaccurate and that he had not effected service on Dr. Sevrey. It also indicates that Plaintiff was not relying on the Clerk's error inputting inaccurate information.

2011. As the Magistrate Judge noted, Plaintiff failed to move for or otherwise request service, or assistance, during this period of over two years. Additionally, Plaintiff did not put the Court on notice as to his difficulties in obtaining Dr. Sevrey's address.

Considering the new materials Plaintiff sets forth in his Objections, but failed to bring before the Magistrate Judge, does not change this conclusion. The new materials provide that (1) the participating Defendants informed Plaintiff that Dr. Sevrey had not been served and that they were unaware of Dr. Sevrey's location as of July 2008, and, (2) despite their earlier response, Plaintiff again requested Dr. Sevrey's location from the participating Defendants in July 2009. Based on these documents, Plaintiff appears to maintain that he was helpless to take any action because the other participating Defendants lacked information as to Dr. Sevrey's location. The Court disagrees. Instead of allowing this case to sit for well over a year from his July 2009 discovery request, Plaintiff could have informed the Court of the circumstances and requested assistance in locating Dr. Sevrey. Although Plaintiff was proceeding *pro se* for some of the period of inactivity, he could have requested assistance from the Court, or, at the very least, informed the Court of the circumstances.

Contrary to Plaintiff's suggestion, *Rochon* and *Vandiver* both involve similar circumstances and serve as persuasive authority in this case. In particular, these cases highlight that *in forma pauperis* status does not give a plaintiff *carte blanche* to neglect service of defendants and the management of his case. Although Plaintiff has taken a few sporadic steps toward effecting service, the overall record demonstrates idleness on Plaintiff's part with regards to Dr. Sevrey despite knowledge that the U.S. Marshal's initial service attempt was unsuccessful. Under these circumstances, the Court finds good cause lacking.

## B. Extension of Service Time

Even assuming a lack of good cause, the Court has the discretion to extend service time pursuant to Rule 4(m). As the Magistrate Judge provided, the Court will consider the following factors in exercising its discretion:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff ... and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Stafford v. Franklin Cnty, Ohio*, 2005 WL 1523369, at *3 (S.D. Ohio June 28, 2005). Additionally, as Plaintiff stresses, this Court has acknowledged the Sixth Circuit's overall policy of resolving disputes on their merits. *Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000).

Here, the Court agrees with the Magistrate Judge's determination that the majority of the relevant factors weigh against, or at least do not support, a discretionary extension. First, the Court emphasizes the impact of the length of any extension. As the Magistrate Judge concluded:

> [B]ecause of the long standing nature of this case, any extension of time would be significant. Specifically, an extension of any length would have the practical effect of extending Plaintiff's service deadline for a period of approximately three years since the original 120 day deadline passed. *See McCombs v. Granville Exempted Vill. Sch. Dist.*, 2009 WL 467066, at *6 (S.D. Ohio Feb. 24, 2009) (declining to grant a discretionary service extension when plaintiffs were "asking to be allowed to serve these defendants nearly two years after [the] case was initiated").

(Report & Recommendation 13, ECF No. 101.) Additionally, an extension of service time would prejudice the currently participating Defendants, who are before this Court on different claims from those Plaintiff raises against Dr. Sevrey, by causing further delay to this case. Furthermore, for the reasons the Magistrate Judge explained, the record contains little reason to believe that Dr.

8

Sevrey has any notice of this case.[5] And finally, for the reasons outlined in the good cause section of this Opinion and Order, there are reasons to question Plaintiff's overall good faith effort in effecting service, particularly since February 2009 when the Court put Plaintiff on notice of a lack of service.

In maintaining that an extension of service time is justified, Plaintiff relies primarily on the possibility that a dismissal would amount to a dismissal with prejudice, and would therefore subvert the goal of deciding cases on the merits.[6] It is quite possible, given the timeline of the events in this case, that the general two-year statute of limitations for 42 U.S.C. § 1983 might bar a subsequent action.[7] Furthermore, Plaintiff is correct that this is an important factor in the Rule 4(m) balance and will often tip the scales in favor of an extension of service time. Nevertheless, the possibility that a dismissal will have the practical effect of being with prejudice does not mandate or automatically result in an extension. After all, pursuant to Rule 4(m), at a certain point the Court must have the ability to say that a plaintiff has simply waited too long to request an extension and attempt to serve a defendant.

Given the totality of the circumstances, a discretionary Rule 4(m) extension would be improper in this case. Plaintiff has been on notice since at least February 2009 that service was lacking as to Dr. Sevrey. Plaintiff, however, took little, if any, action to assure service on Dr.

---

[5] Plaintiff maintains that the Magistrate Judge gave too much weight to this factor. The Court disagrees. The Report and Recommendation demonstrates that the Magistrate Judge considered several factors in making her extension determination and that notice was only one of the factors she found to weigh against an extension.

[6] Although Plaintiff separates this argument into two factors, they are highly related.

[7] There is also an open question as to whether the Ohio Savings Statute, Ohio Rev. Code § 2305.19, would apply.

9

Sevrey for a period of approximately two years. Nevertheless, it was not until May 2011, in response to a motion to dismiss, that Plaintiff finally requested an extension of service time from the Court. Accordingly, the Court finds dismissal without prejudice, rather than an extension, justified under Rule 4(m).

## IV. CONCLUSION

Based on the foregoing analysis, Plaintiff's Objections (ECF No. 102) are **OVERRULED** and the Report and Recommendation (ECF No. 101) is **ADOPTED**. The State of Ohio's Motion to Dismiss (ECF No. 89) is **GRANTED** and Plaintiff's Motion for an Extension of Time to Effect Service (ECF No. 95) is **DENIED**. The State of Ohio's Motion to Strike (ECF No. 106) is **DENIED** as moot in light of this Opinion and Order.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**