# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DWIGHT FREEMAN,**

    **Plaintiff,**

v.

**Civil Action 2:08-cv-00071**
**Judge George C. Smith**
**Magistrate Judge Deavers**

**DIRECTOR TERRY COLLINS,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants Haynes and Kaut's Objections and/or Motion for Reconsideration of the Magistrate Judge's Report and Recommendation Issued April 12, 2011. (ECF No. 117.) For the reasons that follow, Defendants Objections are **OVERRULED** and Plaintiff's Motion for Reconsideration is **DENIED.** The Court **ADOPTS** the Magistrate Judge's April 12, 2011 Opinion and Order and **DENIES** Defendants' Motion to Compel Immediate Payment of Full Filing Fees. (ECF No. 79.)

### I.

Plaintiff, a prisoner who was initially proceeding *pro se*, applied to bring this action *in forma pauperis* under 28 U.S.C. § 1915.[1] The Court granted Plaintiff *in forma pauperis* status, relying on the statement within his affidavit indicating that he had not previously filed three or more lawsuits that had been dismissed as frivolous or for failure to state a claim, the so-called

---

[1] The Court appointed Plaintiff counsel in June 2010. (ECF No. 72.)

"three-strikes" rule embedded in 28 U.S.C. § 1915(g).  Plaintiff sets forth claims for excessive force against Defendants William Haynes and Joseph Kaut as well as claims for deliberate indifference to his serious medical needs against Defendant Dr. Martin Sevrey.[2]  Upon initial screen, the Court allowed Plaintiff to proceed on his claims against Defendants Haynes, Kaut, and Sevrey.  Plaintiff seeks both monetary damages for all of his claims as well as injunctive relief relating to his claim of deliberate indifference to his serious medical needs.

Upon discovery of information suggesting that Plaintiff had accumulated three strikes pursuant to 28 U.S.C. § 1915(g), Defendants Haynes and Kaut moved to compel immediate payment of Plaintiff's full filing fee.  (ECF No. 79.)  In response to this Motion, Plaintiff maintained that the imminent danger exception of 28 U.S.C. § 1915(g) applies to his claims. Defendants Haynes and Kaut maintained that the imminent danger exception did not apply to either Plaintiff's excessive force or deliberate indifference claims.

On April 12, 2011, the Magistrate Judge issued an Opinion and Order, denying Plaintiff's Motion to Compel Immediate Payment of Full Filing Fees.  (ECF No. 87.)  The Magistrate Judge concluded that Plaintiff had accumulated three strikes under the Prison Litigation Reform Act.[3]

---

[2] The Magistrate Judge included a more detailed description of Plaintiff's claims, as well as a summary of the parties' initial briefing, within her Opinion and Order.  (*See* Opinion & Order 2–5, ECF No. 87.)  The Court incorporates the Magistrate Judge's Background section into this Opinion and Order.

[3] The Magistrate Judge also considered whether requiring payment of the full filing fee would be an appropriate sanction for the misstatement within Plaintiff's *in forma pauperis* application.  The Magistrate Judge decided against this course of action for the following reasons:

> Defendants correctly note that Plaintiff stated in his application that while incarcerated he had not brought three or more prior federal actions that were dismissed for being frivolous, malicious, or failing to state a claim. (Appl. 7, ECF No. 1.)  Nevertheless, as detailed above, one of Plaintiff's strikes was based only on a partial dismissal for

She determined, however, that Plaintiff's claim against Dr. Sevrey fell within the imminent danger of serious physical injury exception of 28 U.S.C. § 1915(g). Finally, the Magistrate Judge concluded that Plaintiff's imminent danger pleadings with regard to Dr. Sevrey were sufficient to allow him to proceed *in forma pauperis* on his entire action.

Following the Court's April 12, 2011 Opinion and Order, the State of Ohio, as an interested party, moved to dismiss Defendant Sevrey from this action for a lack of service pursuant to Federal Rule of Civil Procedure 4(m). The Court granted Defendants' unopposed Motion for a Stay of Time to File Objections and the parties' Joint Motion to Stay Discovery and Dispositive Motion Deadlines pending resolution of the Motion to Dismiss. Ultimately, the Court dismissed Plaintiff's claims against Dr. Sevrey without prejudice for a lack of service.

On November 10, 2011, Defendants Haynes and Kaut filed their current Objections and Motion for Reconsideration. Defendant Haynes and Kaut maintain that Plaintiff's claims of excessive force do not satisfy the imminent danger requirement. Additionally, Defendants Haynes and Kaut contend that even assuming Plaintiff has alleged imminent danger as to the claims

---

> failure to state a claim, while the remainder of the action was dismissed for failure to exhaust administrative remedies. At the time of Plaintiff's January 2008 Application, the Sixth Circuit had only recently decided in an opinion four months earlier that such a situation constitutes a strike pursuant to 28 U.S.C. § 1915(g). *See Pointer*, 502 F.3d at 377. Under these circumstances, the Court is unwilling to impose a penalty on Plaintiff for perjury. *See Freeman v. Voorhies*, No. 1:07-CV-41, 2011 WL 833337, at *2 (S.D. Ohio, Mar. 3, 2011) (hereinafter "*Voorheis II*") (declining to sanction Plaintiff for perjury within his *in forma pauperis* application because *Pointer* had not been decided at the time Plaintiff filed his complaint after Plaintiff explained he was not trying to deceive the Court because he believed the three strike rule only applied when the entire case was dismissed).

(Opinion & Order 7–8, ECF No. 87.) The Court agrees with this analysis.

against Dr. Sevrey, the Court lacks personal jurisdiction over him due to a lack of service. Plaintiff, on the other hand, submits that because imminent danger is determined at the time of the Complaint, and because the Court looks only to factual allegations within the Complaint in rendering its decision, the Court should not reach a different conclusion from the April 12, 2011 Order. Furthermore, Plaintiff asserts that his claims against Defendants Haynes and Kaut also meet the requirements of imminent danger.

**II.**

In their original Motion, Defendants Haynes and Kaut moved for the Court to compel Plaintiff to pay a complete filing fee. Because the assessment of a filing fee is not necessarily a dispositive matter, the Magistrate Judge issued an Opinion and Order rather than a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). Because of the potentially case-dispositive implications of Defendant's Motion, however, and in an abundance of caution, the Court will apply the standard of review that is applicable to a magistrate judge's report and recommendation.[4]

When a party objects to a report and recommendation on a dispositive matter, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[T]he Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

---

[4] Given the Affidavit Plaintiff submitted to proceed *in forma pauperis* in this case, it seems unlikely he would be able to immediately pay the complete filing fee. If that is the situation, and Plaintiff does not pay the filing fee, the case would be dismissed.

**III.**

Upon *de novo* review of Defendant's Objections and Motion for Reconsideration, as well as the parties' initial briefing in this matter, the Court holds that the Magistrate Judge reached the proper conclusion. First, the Court agrees with the Magistrate Judge that Plaintiff pleadings as to Dr. Sevrey satisfy the imminent danger of serious physical injury exception. Second, Plaintiff's pleadings as to Dr. Sevrey allow him to proceed with his entire action. Finally, the procedural dismissal of Dr. Sevrey does not alter Plaintiff's ability to proceed *in forma pauperis*.[5]

**A.     Imminent Danger of Serious Physical Injury**

Under 28 U.S.C. § 1915(a) "[a] prisoner [may] seek[] to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees" upon a proper showing of financial indigence. The ability to bring an action without the prepayment of fees comes with an exception, however. The statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

18 U.S.C. § 1915(g).

Accordingly, when a prisoner does have three strikes pursuant to § 1915(g), the Court must determine whether "the prisoner is under imminent danger of serious physical injury." The United States Court of Appeals for the Sixth Circuit has recently considered the proper approach

---

[5] Based on these conclusions, the Court, like the Magistrate Judge, finds it unnecessary to ultimately decide whether Plaintiffs' claims against Defendants Kaut and Haynes satisfy the imminent danger exception.

5

to the imminent danger exception. In *Vandiver v. Vasbinder*, 416 F. App'x 560 (6th Cir. 2011), the Sixth Circuit explicitly held that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing." *Id.* at 562. Furthermore, "[t]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Id.* (citing Fed.R.Civ.P. 8(a)(2)). The Court further recognized that applying this approach leads to "the logical consequence that 'frequent filers sometimes allege that they are in imminent danger so they can avoid paying a filing fee . . . .'" *Id.* (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003)). Finally, in assessing whether imminent danger exists, the Court must liberally construe a prisoner's *pro se* complaint. *Id.*

Denial of medical care and treatment can amount to imminent danger of serious physical injury. *See Vandiver*, 416 F. App'x at 562–63 (holding that a plaintiff's allegations that he "is not receiving proper treatment" for his diabetes and Hepatitis C conditions sufficient to satisfy imminent danger). The Magistrate Judge also provided supporting authority for this notion:

> Several Courts of Appeals outside of the Sixth Circuit have indicated that denial of treatment, or similar actions, may result in a pending imminent danger of serious physical injury within the meaning of 28 U.S.C. § 1915(g). *See, e.g., Jackson v. Jackson*, 335 F. App'x. 14, 15 (11th Cir. 2009) (holding that prisoner, who was being refused surgery for his hernia, satisfied the imminent danger of serious physical injury requirement); *Ibrahim*, 463 F.3d at 6–7 ("[F]ailure to provide adequate treatment for Hepatitis C, a chronic and potentially fatal disease, constitutes 'imminent danger.'"); *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (finding that prisoner who suffered from HIV and hepatitis, sufficiently pled the imminent danger exception by alleging that his doctor stopped the prescription treatment of another physician); *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003) (finding prisoner satisfied imminent danger requirement by alleging that denial of his medication was causing him panic attacks and additional symptoms including chest pain); *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002) (holding that a prisoner satisfied the imminent danger requirement by alleging that he was being denied dental care despite a "spreading infection in his mouth"); *Fuller v. Myers*, 123 F. App'x 365, 367 (10th Cir. 2005) ("Given [the plaintiff's] assertion that he currently suffers from breathing

6

difficulties and other respiratory problems, apparently exacerbated by the ventilation system where he is incarcerated, it appears that his complaint facially satisfies the threshold requirement of showing that he is in 'imminent danger of serious physical injury' . . . ."); *Gibbs v. Cross*, 160 F.3d 962, 965 (3rd Cir. 1998) (holding that an inmate pled imminent danger of serious physical injury because he alleged that the prison ventilation system was dispersing dust and lint, which resulted in severe headaches, particles in his lungs and mucus, and watery eyes).

(Opinion & Order 9–10, ECF No. 87.)

Here, the Court finds that Plaintiff's pleadings as to Dr. Sevrey satisfy the imminent danger exception. In his Complaint, Plaintiff alleged that he suffers from severe medical complications to his throat, neck, shoulder, and spine. He underwent surgeries in April 2006 and November 2006, and visited both neurologists and ENT specialists for these conditions. Plaintiff maintained that he was still in chronic pain following the surgeries. Plaintiff asserts that from November 2006 to the time of his Complaint, Dr. Sevrey denied Plaintiff medication that his specialists had previously ordered. Plaintiff also indicates that Dr. Sevrey refused to refer him to specialists for significant periods of time despite instructions from other doctors to do so. Finally, Plaintiff asserts that during his December 2007 appointment, approximately one month prior to Plaintiff's commencement of this action, Dr. Sevrey told Plaintiff that he would not take any action as to Plaintiff's neck, throat, and shoulder complications. Plaintiff's Complaint suggests that Dr. Sevrey made these comments despite orders from a neurologist to refer Plaintiff back to his surgeons and to increase his pain medications. The Court concludes that, if accepted as true, these allegations are sufficiently specific to indicate that Plaintiff was under imminent danger at the time he filed his Complaint.

Furthermore, the Court agrees with the Magistrate Judge that Plaintiff's injuries are

7

sufficiently serious for the purposes of demonstrating imminent danger. The Magistrate Judge specifically found as follows:

> Plaintiff alleges that he is suffering from severe and chronic pain to various parts of his body including his neck, chest, throat, and shoulder. (*See generally* [Compl.] at 7–12.) According to his Complaint, Plaintiff has received treatment from multiple specialists for these symptoms and has already undergone two surgeries in an attempt to relieve his pain. (*Id.*) Consequently, for the purposes of the imminent danger pleading requirement, the Court concludes that Plaintiff has pled a sufficiently serious injury. *See Chavis v. Chappius*, 618 F.3d 162, 169–70 (2nd Cir. 2010) ("[A]lthough the feared physical injury must be 'serious,' 'we should not make an overly detailed inquiry into whether the allegations qualify for the exception,' because § 1915(g) 'concerns only a threshold procedural question,' . . . .") (quoting *Andrews* [*v. Cervantes*], 493 F.3d [1047,] 1055 [(9th Cir.2007)]); *Ciarpaglini*, 352 F.3d at 331 (emphasizing that "§ 1915(g) is not a vehicle for determining the merits of a claim" and indicating that a district court should not impose a "complicated set of rules" for determining "what conditions are serious enough").

(Opinion & Order 12, ECF No. 87.) The Court finds this reasoning persuasive and adopts it.

**B.      Application to Entire Action**

The Objections of Defendants Haynes and Kaut suggest that Plaintiff's claims against them lack a nexus to the imminent danger claim against Dr. Sevrey. Defendants maintain that because of this lack of a nexus, Plaintiff may not proceed *in forma pauperis* against them. The Court disagrees. The Court finds that because Plaintiff satisfied the imminent danger exception as to his claim against Dr. Sevrey, his entire action may proceed.

Both the language of 28 U.S.C. § 1915(g) and the relevant case authority make clear that once a plaintiff satisfies imminent danger as to one of his or her well-pled claims, the entire action may proceed. The text of 28 U.S.C. § 1915(g) provides that a prisoner may "bring a civil action" if "the prisoner is under imminent danger of serious physical injury." This phrasing suggests that the entire action, rather than an individual claim, may proceed once the imminent-danger

8

prerequisite is satisfied. Although the Court is unaware of any Sixth Circuit authority directly reaching this issue, the Second Circuit has addressed the exact question and reached the same conclusion. *See Chavis*, 618 F.3d at 171–72. The Second Circuit concluded "[n]othing in the text of § 1915 provides any justification for dividing an action into individual claims and requiring a filing fee for those that do not relate to imminent danger." *Id.* at 171. Accordingly, the Court held that "a plaintiff filing IFP on the basis of the imminent danger exception can proceed with all claims in her complaint . . . ." *Id.* As the Magistrate Judge noted, various other courts have reached similar conclusions. *See Andrews*, 493 F.3d at 1053–54 ("We further conclude . . . that once a prisoner satisfies the exception to the three-strikes rule and otherwise qualifies for IFP status, the district court must docket the entire complaint and resolve all of its claims, without requiring the upfront payment of the filing fee."); *Ciarpaglini*, 352 F.3d at 330 (providing that § 1915(g) "only limits when frequent filers can proceed IFP, and says nothing about limiting the substance of their claims"). Defendants Haynes and Kaut have not provided the Court with any legal authority addressing the imminent-danger exception that suggests an opposite conclusion.

**C.    Dr. Sevrey's Dismissal**

Defendants Haynes and Kaut also stress that because Plaintiff failed to serve Dr. Sevrey, the Court lacks personal jurisdiction over him. Defendants suggest that because the Court has dismissed Plaintiff's claim against Dr. Sevrey on this grounds, Plaintiff may not rely on the claim to establish imminent danger. The Court again disagrees. The subsequent dismissal of Dr. Sevrey does not influence Plaintiff's *in forma pauperis* status.

Defendants argument mischaracterizes the nature of the imminent-danger inquiry. As the Sixth Circuit has held, "the imminent danger exception is essentially a pleading requirement

9

subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562. Accordingly, the imminent danger requirement "concerns only a procedural question," and "is not a vehicle for determining the merits of a claim." *Chavis*, 618 F.3d at 169–70 (internal quotations omitted); *cf. also Bell v. Livingston*, 356 F. App'x 715, 716 (5th Cir. 2009) ("The issue under Section 1915(g) solely involves whether [the plaintiff] must pay the necessary fee before filing or whether he may wait until later to pay."). Finally, the imminent-danger determination is based on the conditions as alleged at the time of the complaint, and subsequent events do not alter the imminent-danger analysis. *See Andrews*, 493 F.3d at 1053 (concluding that a prisoners removal from the prison system was irrelevant to the § 1915(g) analysis because "the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time"); *Logue v. Pearson*, No. CV410–240, 2011 WL 2457501, at *1 n.1 (S.D. Ga. June 16, 2011) ("[I]t is generally accepted that once the exception has been invoked, it persists throughout the case despite any post-complaint changes in circumstances."). As detailed above, at the time of the Complaint Plaintiff's well-pled claim against Dr. Sevrey satisfied the imminent danger requirement. The subsequent procedural dismissal of Dr. Sevrey for a lack of service does not effect the Court's analysis.

**IV.**

Based on the above reasoning, Defendants Objections are **OVERRULED** and Plaintiff's Motion for Reconsideration is **DENIED**. (ECF No. 117.) The Magistrate Judge's April 12, 2011 Opinion and Order is **ADOPTED** and the Court **DENIES** Defendants' Motion to Compel Immediate Payment of Full Filing Fees. (ECF No. 79.)

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**