UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DWIGHT FREEMAN,**

    **Plaintiff,**

                       Civil Action 2:08-cv-0071
**v.**                       Judge George C. Smith
                       Magistrate Judge Elizabeth P. Deavers

**DIRECTOR TERRY COLLINS,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff Dwight Freeman's Motion to Certify as a Final Judgment the Court's Opinion and Order of October 17, 2011. (ECF No. 113.) For the reasons that follow, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion.

**I.**

On October 17, 2011, the Court adopted the undersigned's Report and Recommendation and dismissed Defendant Dr. Martin Sevrey from this case without prejudice pursuant to Federal Rule of Civil Procedure 4(m). In the instant Motion, Plaintiff requests that the Court certify the Court's October 17, 2011 Order as a final judgment pursuant to Federal Rule of Civil Procedure 54(b) so that he may proceed on appeal as to Defendant Sevrey. Plaintiff maintains that the Court's October 2011 Order serves as a final judgment to Defendant Sevrey and there is no just reason for delay.

On March 14, 2012, the remaining parties requested a stay of dispositive motion deadlines to explore mediation and settlement. The parties held a mediation conference on May 17, 2012. On May 29, 2012 the mediator informed the Court that this case had settled and that

the parties anticipated filing a dismissal entry. During the following months, the parties have repeatedly indicated to the Court that they were in the process of finalizing settlement.

On August 20, 2012, Plaintiff submitted a filing indicating that the case was not settled. On August 21, 2012, the active Defendants confirmed that despite earlier representations, and their good faith attempt to settle this case, the parties were no longer in a position to resolve this case via settlement. The active Defendants indicated that they were in the process of preparing dispositive motions. Given these circumstances, the Court held a status conference on August 21, 2012, and set an expedited schedule for dispositive motions.

## II.

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Federal Rule of Civil Procedure 54(b).

As this Court has provided:

> Certification pursuant to Rule 54(b) requires two independent findings. First, the district court must expressly "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). Second, the district court must "expressly determine[ ] that there is no just reason for delay" of appellate review. *Id.*

*Planned Parenthood Southwest Ohio Region v. DeWine*, No. 1:04–CV–493, 2011 WL 4063999, at *1 (S.D. Ohio Sept. 13, 2011). The United State Court of Appeals for the Sixth Circuit has

highlighted the following, non-exhaustive, list of factors in considering a Rule 54(b) determination:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986).

"The determination of whether to allow for an appeal pursuant to Rule 54(b) is a matter left to the sound discretion of the district court." *Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003). "The rule attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of parties." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 430 (6th Cir. 2008). Furthermore, the Sixth Circuit has cautioned "even where the district court properly supports its certification, Rule 54(b) should not be used routinely . . . but rather should be reserved for the infrequent harsh case . . . where certification serves the interests of justice and judicial administration. . . ." *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155, 1159 (6th Cir. 1998) (internal quotations and citations omitted).

### III.

The undersigned finds that certification pursuant to Rule 54(b) would be inappropriate. Specifically, the undersigned cannot conclude under the current circumstances, and given the recent developments of this case, that there is no just reason for delay. The Court acknowledges that Plaintiff's claim against Defendant Sevrey for deliberate indifference is separate from his

claims against the remaining Defendants for excessive force, and that review of these claims will involve different issues.  At the same time, however, given the ultimate breakdown of settlement negotiations, and the expedited schedule for final dispositive motions, Plaintiff's case against the remaining Defendants is quickly approaching final resolution.[1]  Accordingly, the Court finds little reason to allow for piecemeal appeals and break Plaintiff's claims apart at this time.

## IV.

For the above reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion to Certify as a Final Judgment the Court's Opinion and Order of October 17, 2011.  (ECF No. 113.)

## V.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex*

---

[1] Had the Court known, at an earlier time, that the purported settlement would fail, certification of final judgment may have been appropriate at that time.  Of course, given the representations of the parties, the Court had no reason to assume that mediation would ultimately prove ineffective.

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: August 21, 2012                                                  /s/ *Elizabeth A. Preston Deavers*
                                                                                       Elizabeth A. Preston Deavers
                                                                                       United States Magistrate Judge