# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DWIGHT FREEMAN,**

    **Plaintiff,**

    v.

**DIRECTOR TERRY COLLINS,** *et al.***,**

    **Defendants.**

Civil Action 2:08-cv-00071
Judge George C. Smith
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of the August 21, 2012 Report and Recommendation of the Magistrate Judge. (ECF No. 158.) The Magistrate Judge recommended that the Court deny Plaintiff's Motion to Certify as Final Judgment the Court's Opinion and Order of October 17, 2011. (ECF No. 113.) On September 4, 2012 Plaintiff filed his Objections to the Report and Recommendation. (ECF No. 166.) The Court has conducted a *de novo* review pursuant to the provisions of 28 U.S.C. § 636(b)(1). For the following reasons, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**.

## I. BACKGROUND

Plaintiff, a prisoner at Ohio State Penitentiary and formerly at the Southern Ohio Correctional Facility ("SOCF"), applied January 24, 2008 to bring this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff brought this action as a *pro se* litigant. Within his Complaint, Plaintiff alleged that Defendant Dr. Martin Sevrey ("Sevrey"), an employee of SOCF, was deliberately indifferent to his serious medical needs. Plaintiff also alleged that Defendants William Hayes ("Hayes") and Joseph Kaut ("Kaut"), who were both prison officials employed

by SOCF, used excessive force against him. On February 28, 2008, the Court, after conducting an initial screen pursuant to the provisions of 28 U.S.C. § 1915A, allowed Plaintiff's claims to proceed against Sevrey, Hayes, and Kaut.[1] The Court ordered the United States Marshal to serve Defendants with the summons and a copy of the Complaint. Service was returned unexecuted as to Defendant Sevrey on March 25, 2008. Sevrey apparently no longer worked at SOCF.

After Plaintiff's case had survived two motions for summary judgment by Defendants Kaut and Haynes, the Court appointed counsel for Plaintiff on June 3, 2010. In light of the appointment, the Court held a status conference in July 2010 and set forth a pretrial schedule. As of April 12, 2011, the record still reflected that Plaintiff had not served Defendant Sevrey. On April 21, 2011, the State of Ohio, as an interested party, filed a motion to dismiss Plaintiff's claim against Defendant Sevrey. Pursuant to the State of Ohio's Motion, the Court dismissed Plaintiff's claim against Sevrey without prejudice on October 17, 2011. (ECF No. 109.)

On October 27, 2011, Plaintiff, through his then-counsel, filed the instant Motion to Certify as Final Judgment the Court's Opinion and Order of October 17, 2011. (ECF No. 113.) Briefing on Plaintiff's Motion concluded on December 1, 2011. (*See* ECF No. 120.)[2] On March 14, 2012, the remaining parties requested a stay of dispositive motions to explore mediation and settlement. (ECF No. 145.) The parties participated in mediation on May 17, 2012. On May 29, 2012, the mediator informed the Court that this case had settled and that the parties would file a dismissal entry. The parties repeatedly indicated to the Court over the next few months that they

---

[1] The Court dismissed Plaintiff's claims against several other individuals.

[2] During this period, the parties were also briefing matters related to Defendants' Motion to Compel Full Filing fees. Defendants sought and received a short stay of discovery, from December 13, 2011 to January 6, 2012, to allow the Court to resolve this Motion.

were in the process of finalizing the settlement, and that a dismissal entry would be forthcoming. On August 20, 2012, Plaintiff submitted a filing indicating that the case was not settled. (ECF No. 155.) On August 21, 2012, the remaining defendants confirmed that the parties were unable to resolve this case through settlement, despite good-faith attempts to reach a final agreement. (ECF No. 156.) The Court held a status conference August 21, 2012, and set an expedited schedule for dispositive motions. That same day, the Magistrate Judge issued her Report and Recommendation recommending that the Court deny Plaintiff's Motion to Certify as Final Judgment the Court's Opinion and Order of October 17, 2011.

Plaintiff's August 20, 2012 filing suggests that at some point the attorney-client relationship between Plaintiff and his counsel broke down. (*See* ECF No. 155.) On August 31, 2012, Plaintiff's counsel filed a Motion to Withdraw as Trial Counsel. (ECF No. 164.) On September 4, 2012, Plaintiff filed his objections on a *pro se* basis to the Report and Recommendation of the Magistrate Judge. (ECF No. 166.)

## II. STANDARD

If a party objects within the allotted time to a report and recommendation, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. ANALYSIS

Plaintiff moves under Federal Rule of Civil Procedure 54(b) to certify as final judgment the Court's October 17, 2011 Opinion and Order dismissing Plaintiff's claim against Defendant

3

Sevre. The Magistrate Judge recommended denial of the Motion based largely on the well-established preference in the law against piecemeal appeals.

Rule 54(b) provides as follows:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

In analyzing a Rule 54(b) motion, the Court makes two separate findings. *Gen. Acquisition v. Gencorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). First, the Court must direct entry of final judgment as to one or more, but fewer than all, claims of the parties. *Id.* Second, the Court must expressly determine that there is no just reason for delay of appellate review. *Id.*

According to the United States Court of Appeals for the Sixth Circuit, Rule 54 "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of parties." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 430 (6th Cir. 2008) (citing *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58 (6th Cir. 1986)). The Sixth Circuit has cautioned that "even where the district court properly supports its certification, Rule 54(b) should not be used routinely . . . but rather should be reserved for the infrequent harsh case . . . where certification serves the interests of justice and judicial administration . . . ." *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155, 1159 (6th Cir. 1998) (internal quotations and citations omitted). Whether to permit a party to appeal

4

pursuant to a Rule 54(b) motion is a matter left to the sound discretion of the district court. *Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003); *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986).

The Sixth Circuit has provided a non-exhaustive list of factors for a district court to consider when ruling on a Rule 54(b) motion. As relevant here, a district court may consider, among other things: (1) the relationship between adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. *Akers*, 338 F.3d at 495.

Here, the Magistrate Judge recommended that the Court deny Plaintiff's Motion for Certification. She acknowledged that Plaintiff's claim against Sevrey differs from his claims against the remaining defendants. (ECF No. 158, at 3-4.) The Magistrate Judge noted, however, that Plaintiff's claims against the remaining defendants will quickly resolve given that the Court has set this case for an expedited dispositive-motion schedule. *Id.* at 4. She ultimately concluded that little reason exists to break Plaintiff's claims apart and allow piecemeal appeals. *Id.*

In his objections to the Report and Recommendation, Plaintiff revisits some of the arguments he raised in his Motion to Certify. Plaintiff primarily objects on the ground that a denial of his Motion will delay his ability to pursue his valid claim against Sevrey. (*See* ECF

5

No. 166.)³ Plaintiff also accuses the Magistrate Judge of "conspiring" against him "to get his case dismissed." (*Id.* at 2.) None of Plaintiff's assertions, including the maligning of the Magistrate Judge, has any merit.

The Court agrees with and expressly adopts the findings of the Magistrate Judge. The Court acknowledges that Plaintiff's claim against Sevrey is distinct from his claims against the remaining defendants. Also, further developments in the District Court are unlikely to affect Plaintiff's desire to appeal the dismissal of his claims against Sevrey. Nor will issues further developed in this Court overlap with issues relating to Plaintiff's desired appeal. Nevertheless, the fact remains that this case is quickly approaching resolution. The Court has expedited the dispositive motion schedule. Indeed, briefing on dispositive motions is set to conclude on September 24, 2012. (*See* ECF No. 157.) Moreover, Plaintiff filed his Complaint against all three defendants nearly five years ago. Plaintiff allowed over two years to pass without pursuing service on Defendant Sevre. (*See* ECF No. 101, at 8.) An additional delay is minimal in comparison to the length of time this case has already been pending and the period in which Plaintiff chose not to pursue service on Sevre. The slight delay associated with keeping Plaintiff's claims together is insufficient to overcome the judicial preference to avoid piecemeal appeals. This is not one of those "infrequent harsh case[s]" where the interests of justice require Rule 54(b) certification.

Based on the above reasoning, Plaintiff's Objections are **OVERRULED** and Plaintiff's

---

³ Plaintiff also suggests that he filed the Motion in October, 2011 but the parties did not speak about settlement until May 2012. The record does not bear out this assertion. The Motion was not fully briefed until December; the parties engaged in discovery; and then sought a stay to explore settlement in March.

Motion to Certify as Final Judgment the District Court's October 17, 2011 Opinion and Order is

**DENIED**.  (ECF No. 113.)  The Magistrate Judge's August 21, 2012 Report and

Recommendation is **ADOPTED**.  (ECF No. 158.)

    **IT IS SO ORDERED.**

                                        */s/ George C. Smith*  
                                        **GEORGE C. SMITH, JUDGE**  
                                        **UNITED STATES DISTRICT COURT**