UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DWIGHT FREEMAN,**

    **Plaintiff,**

    v.                                Civil Action 2:08-cv-00071
                                      Judge George C. Smith
                                      Magistrate Judge Deavers

**DIRECTOR TERRY COLLINS,** *et al.*,

    **Defendants.**

### ORDER

This matter is before the Court for consideration of the January 18, 2013 Report and Recommendation of the Magistrate Judge. (ECF No. 177.) Defendants filed their Objections to the Report and Recommendation on February 1, 2013. (ECF No. 180.) Plaintiff filed his Response in Opposition to Defendants' Objections on February 21, 2013. (ECF No. 183.) For the reasons that follow, Defendants' Objections to the Report and Recommendation of the Magistrate Judge are **OVERRULED**. The Report and Recommendation is **ADOPTED**. (ECF No. 177.) Defendants are **DIRECTED** to respond **WITHIN FOURTEEN DAYS OF THE DATE OF THIS ORDER** to the Court's January 22, 2013 Order directing them to report on their readiness for trial and indicate whether they consent to a trial before the United States Magistrate Judge. (ECF No. 178.)

### I. BACKGROUND

In her Report and Recommendation, the Magistrate Judge set forth each party's version of the factual background of this case. (Report and Recommendation, 2-7, ECF No. 177.) The Court adopts the background set forth in the Report and Recommendation.

## II.  STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Magistrate Judge correctly set forth the Rule 56 Summary Judgment Standard. Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party."  *Stansberry v. Air Wisc. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at *3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record").  "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville &*

*Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

## III. ANALYSIS

The Court has conducted a *de novo* review and agrees with the reasoning and analysis of the Magistrate Judge.

**A.     Excessive Force**

The Magistrate Judge correctly set forth the standard of an excessive force claim. (Report and Recommendation 8-9, ECF No. 177.)  The Court adopts that standard here.  The Magistrate Judge went on to accurately address the genuine issues of material fact that remain as to Plaintiff's excessive force claim:

> Here, a genuine issue of material fact exists as to whether Defendants used excessive force on Plaintiff.  Based on the record and evidence in this case, the Court cannot adopt Defendants' contrary position and arguments.  Defendants first argue that no reasonable jury could find a constitutional violation because Defendant Kaut followed prison policy when he delivered a short burst of chemical spray to Plaintiff. (Def.'s Mot. 10, ECF No. 165.)  Defendants produce the prison use-of-force guidelines to support their position that Kaut conformed to prison policy when he sprayed Plaintiff.  *Id.* at Ex. A.  The guidelines demonstrate that officers may use "the amount of force necessary to control [a] situation" at a given time. *Id.* at Ex. A, 2.  According to Defendants, Plaintiff's assault on Hayes and his threatening behavior presented a situation in which Kaut had no choice but to respond with force. *Id.* at 10.  Both Defendants deny that they were aware of any medical condition prohibiting the use of chemical spray.  Although officers are required to check with medical personnel before a planned use of chemical spray, Defendants contend they were under no obligation in this case because Plaintiff's behavior necessitated immediate response. *Id.* at 6.
>
> These material facts, however, remain in dispute as evidenced by Plaintiff's version of events which is diametrically opposed to the account upon which

Defendants rely to support their arguments. Defendants' argument depends on factual determinations that must be made by a jury. *See Rhea v. Massey-Ferguson, Inc.*, 767 F.2d 266, 268 (6th Cir. 1985) (recognizing the "core" right to have a jury determine issues of fact). Plaintiff denies that he engaged in behavior that would justify the use of chemical spray, including Defendants' accusation that he assaulted Hayes or attempted to throw an object at Kaut. (Freeman Dep. 91:22-24, 57:1-3, 15-18, ECF No. 34.) Moreover, Plaintiff testified that both Kaut and Hayes sprayed him with chemical spray, and that they continued to do so for at least thirty seconds. *Id.* at 97:24. A jury must resolve these factual discrepancies to determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Barker*, 649 F.3d at 434.

Defendants next argue that summary judgment is appropriate because Plaintiff offers no evidence to support his version of events other than his own self-serving testimony. (Def.'s Mot. 9, ECF No. 165.) Thus, according to Defendants, the evidence is so one-sided that no reasonable jury could find in Plaintiff's favor. *Id.* The Undersigned disagrees. In addition to his deposition testimony, Plaintiff has submitted numerous documents demonstrating that prison medical staff previously determined that officers should not spray him with chemical spray. (Pl.'s Op. Ex. A at 1, 10, ECF No. 169-1.) For instance, a former prison nurse testified in deposition that she informed officers on a previous occasion that they could not use chemical agents on Plaintiff. (Parks Dep. 41:13-14, ECF No. 163.) Under these circumstances, the Court cannot conclude as a matter of law that Defendants' use of chemical spray on Plaintiff was clearly not excessive use of force.

Moreover, Plaintiff has submitted evidence that Hayes violated prison policy in destroying the items he removed from Plaintiff's cell. Although he testified that he removed the items because they were contraband, Hayes admitted that he failed to issue a conduct report for Plaintiff's alleged possession of contraband, which violated prison policy. (Hayes Dep. at 52:6-7, 18, ECF No. 161.) Hayes further violated prison policy when he failed to offer Plaintiff the option of having the items sent home rather than destroyed. *Id.* at 52:13-16, 18. As a result of Hayes' violations, the prison was ordered to reimburse Plaintiff in the amount of $73.40 for the confiscated items. (Court of Claims Dec., Pl's Op. Ex. E, ECF No. 169-5.) A jury must therefore determine whether Hayes' wrongful destruction of Plaintiff's property is some evidence or proof that he harbored malice toward Plaintiff.

Finally, even if a jury were to believe Defendants' version of events, a genuine issue of material fact remains as to whether Kaut's use of chemical spray was reasonable under the circumstances. It is undisputed that at the time Kaut sprayed Plaintiff with chemical spray Plaintiff was in his cell with the cell door closed and locked behind him. (Kaut Dep. 37:17, ECF No. 162.) Kaut testified in deposition that officers are trained to walk away from a confrontation with an inmate whenever possible. *Id.* at 82:20-22. If an inmate causes trouble from behind his cell door, officers can arrange for an extraction team to remove the inmate from his cell.

4

> *Id*. at 76:3-10.  When arranging for an extraction team, officers are required to contact medical before using chemical agents on the inmate. (Parks Dep. 33:7, ECF No. 163.)  Resolving all inferences in Plaintiff's favor, a jury could conclude that it was unreasonable for Kaut not to walk away from Plaintiff's cell and coordinate an extraction team to remove Plaintiff without the use of chemical spray.

(Report and Recommendation 9-12, ECF No. 177.)

Defendants object to the reasoning and analysis of the Magistrate Judge on numerous grounds, none of which withstands scrutiny.  Defendants first contend that the Magistrate Judge adopted an "unsupported position that the correction officers were required to contact the medical department before utilizing chemical spray on the Plaintiff."  (Obj. 1, ECF No. 180.)  Defendants maintain that the Magistrate Judge's position, if implemented, would "allow for havoc, chaos and deadly riots." *Id.* at 2.  The Magistrate Judge, however, never adopted and certainly never advocated such a position.  Indeed, nowhere on the page of the Report and Recommendation to which Defendants cite, or anywhere else in the Report and Recommendation for that matter, does the Magistrate Judge state that Defendants were required to check with medical before spraying Plaintiff with chemical spray.  Defendants' arguments to the contrary are wholly untenable.

Defendant also misstate that "the Magistrate Judge completely ignored and/or discounted the abundant evidence presented that differentiated between <u>reactive</u> use of force situations, where injury could result to staff or other inmates, and thus required immediate intervention[,] from <u>planned</u> use of force situations . . . ." *Id.*  Defendants apparently miscomprehend the Rule 56 summary judgment standard.  Whether or not the incident described in the Complaint was indeed "reactive" depends on which version of events the jury believes – Defendants' or Plaintiff's.  Under Plaintiff's version of events, officers were unjustified in using any force, reactive or otherwise.  The jury – not this Court and certainly not Defendants – decides which

5

version of events to believe based on the conflicting evidence presented at trial.

Defendants' next objection is similarly without any basis in law or in what the Magistrate Judge actually concluded. Defendants assert that the "Magistrate Judge appears to ignore the actual evidence in this case, that Plaintiff does not have a medical condition prohibiting the use of chemical spray . . . ." *Id.* at 3. First, the question of whether Plaintiff suffers from such a condition is, as the Magistrate Judge concluded, a question of fact for the jury to resolve. The parties presented conflicting evidence on this point. (Pl.'s Op. Ex. A at 1, 10, ECF No. 168-1; Mot. Summ. J. Exs. 9-12, ECF No. 165-9-12.) More importantly, regardless of whether Plaintiff suffers from such a condition, the unjustified use of chemical spray on any inmate, even a healthy one, violates the Eighth Amendment. *Griffin v. Kyle*, No. 2:10-cv-664, 2012 WL 122360, at *7 (S.D. Ohio Jan. 17, 2012) (citing *United States v. Mosley*, 635 F.3d 859, 862 (6th Cir. 2011)).

Defendants next object that "for the Magistrate Judge to find that excessive force was displayed when the correctional staff failed to walk away from Plaintiff, while he was locked up in a cell and threatening to throw an object at them through cell bars, is unreasonable." (Obj. 5, ECF No. 180.) The Magistrate Judge "found" no such thing. She merely determined, correctly so, that the evidence presents a genuine issue of material fact in this regard. (Report and Recommendation 11, ECF No. 177.) Again, the evidence conflicts as to whether Plaintiff threatened to throw an object through the cell bars at the officers. Moreover, whether force is excessive in violation of the Eighth Amendment turns on the reasonableness of and "the need for application of force" based on "the threat reasonably perceived by the responsible officials." *United States v. Bunke*, 412 Fed. App'x 760, 765 (6th Cir. 2011). Thus, even if the jury disbelieves Plaintiff's version of events, it will still have to address the reasonableness of and the

6

need for force based on the fact that Plaintiff was locked in his cell at the time of the incident.

Finally, despite Defendants' contention to the contrary, the fact that Hayes violated prison policy in destroying Plaintiff's personal items bears relation to Plaintiff's excessive force claim, or at least a jury could determine that it does.  (Obj. 6, ECF No. 180.)  The question of whether Hayes inflicted excessive force on Plaintiff involves inquiry into whether he applied force "maliciously."  *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011).  A jury could conclude that Hayes' destruction of Plaintiff's property in violation of prison policy provides some evidence that Hayes harbored malice toward Plaintiff which may have motivated him to apply force maliciously.

Accordingly, Defendants' Objections to the Report and Recommendation of the Magistrate Judge with respect to Plaintiff's excessive force claim are **OVERRULED**.

## B.    Qualified Immunity

The Magistrate Judge correctly set forth the standard for qualified immunity.  (Report and Recommendation 12-13, ECF No. 177.)  The Court adopts that standard here.  The Magistrate Judge also accurately analyzed Defendants' assertion of qualified immunity:

> [T]he Undersigned concludes that Defendants are not entitled to qualified immunity. First, it is undisputed that the right to be free from excessive force was clearly established at the time of the alleged violation. *Kostrzewa v. City of Troy*, 247 F.3d 633, 641 (6th Cir. 2001) (citations omitted) ("This circuit has held that the right to be free from excessive force . . . is a clearly established right for purposes of the qualified immunity analysis."). Second, as set forth above, Plaintiff's version of the facts, if accepted by a jury, could provide a basis for a constitutional claim under the Eighth Amendment. Where, as here, the reasonableness of the force utilized turns upon which party's version of the facts is accepted, a court should not grant summary judgment on qualified immunity grounds. *See Murray-Ruhl v. Passinault*, 246 F. App'x 338, 343 (6th Cir. 2007) (internal quotation marks and case citation omitted) ("[I]f the legal question of [qualified] immunity is completely dependant upon which view of the facts is accepted by the jury, the district court should not grant [qualified]

>  immunity . . . ."); *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 903 (6th Cir. 1998) (citations omitted) (explaining that where "qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability").

Defendants' Objections to the Magistrate Judge's conclusions, which mirror the arguments raised in their Motion for Summary Judgment, lack merit.  Defendants seemingly struggle to accept that in Plaintiff's version of events the officers had no justification at all to use chemical spray.  Thus, whether the incident constitutes a "close call" within the protection of qualified immunity "is completely dependant upon which view of the facts is accepted by the jury." *Murray-Ruhl*, 246 Fed. App'x at 343.  Summary judgement on qualified immunity grounds under these circumstances is inappropriate.

Accordingly, Defendants' Objections to the Report and Recommendation of the Magistrate Judge with respect to qualified immunity are **OVERRULED**.

## IV.

Defendants' Objections to the Report and Recommendation of the Magistrate Judge are **OVERRULED**.  The Report and Recommendation of the Magistrate Judge is **ADOPTED**.  (ECF No. 177.)  Defendants' Motion for Summary Judgement is **DENIED**.  (ECF No. 165.)  Defendants are **DIRECTED** to respond **WITHIN FOURTEEN DAYS OF THE DATE OF THIS ORDER** to the Court's January 22, 2013 Order directing them to report on their readiness for trial and indicate whether they consent to a trial before the United States Magistrate Judge.  (ECF No. 178.)

**IT IS SO ORDERED**.

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**